IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| HELEN COTTON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 4:14-CV-245-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.      Whether the ALJ properly supported the assessment of Plaintiff's RFC.

II.     Whether the ALJ erred in failing to recontact the consultative examiner to resolve conflicting information.

### Administrative Proceedings

Plaintiff applied for supplemental security income on January 18, 2011, alleging disability as of October 1, 2010. Tr. 19, ECF No. 11-2. Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a video hearing on November 30, 2012. *Id*. Following the hearing, the ALJ issued an unfavorable decision on December 27, 2012. Tr. 19-30. The Appeals Council ultimately denied Plaintiff's Request for Review on July 14, 2014. Tr. 1-3. This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity as defined by the Act since the application date. Tr. 21. The ALJ found that Plaintiff had the severe impairments of arthritis and joint pain of the hands with morning stiffness, and joint pain in the knee. *Id*. The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 22.

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work with some exertional

limitations. Tr. 23. Plaintiff had past relevant work as a small parts assembler, inspector general, short order cook, and child monitor, and the ALJ elicited testimony from a vocational expert (VE) who opined that given the RFC formulated by the ALJ she could return to her past relevant work. Tr. 29. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from January 18, 2011 through the date of the decision. *Id.*

## DISCUSSION

**I.   Whether the ALJ properly supported the assessment of Plaintiff's RFC.**

Plaintiff contends that the ALJ improperly assessed Plaintiff's RFC by failing to include substantial bilateral hand impairments caused by her arthritis. Plaintiff argues that the ALJ did not consider all of the relevant evidence or include the required "function-by-function" assessment. Pl.'s Br. 3, ECF No. 12. The Commissioner responds that the ALJ properly considered all of the relevant evidence and although objective medical evidence supported Plaintiff's alleged impairments, the evidence showed that they did not have the functionally limiting effects Plaintiff asserted. Comm'r's Br. 7, ECF No. 13.

In her testimony before the ALJ, Plaintiff alleged disabling pain in her knees and hands, especially in the mornings, which cause an average pain level of six-out-of-ten on a daily basis. Tr. 24. She further alleged that she must change positions after sitting for twenty minutes or standing for ten, and that she lies down three or four times a day for fifteen minutes at a time. *Id.* Plaintiff also testified that she can only lift or carry ten pounds at a time due to pain, that she is unable to reach fully overhead, that she cannot

climb stairs, and that she is unable to grip or grasp with her left hand because one finger is frozen due to arthritis, but that she can pick up coins and do buttons with her right hand. *Id*.

In considering Plaintiff's alleged symptoms, the ALJ must follow a two-step process, first determining whether an underlying medically determinable impairment could reasonably be expected to produce the symptoms, and then evaluating the intensity, persistence, and limiting effects of the symptoms in light of the objective medical evidence. *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991). Where, as here, the objective medical evidence does not substantiate the alleged intensity, persistence, and functionally limiting effects of the alleged pain and other symptoms, the ALJ must evaluate the credibility of the statements based on the entire record. 20 C.F.R. 404.1529(c), 416.929(c). The ALJ may rely on a claimant's daily activities, frequency and consistency of symptoms, and types and dosages of medications in assessing credibility. *Dyer v. Barnhart,* 395 F.3d 1206, 1212 (11th Cir. 2005).

The ALJ found that the medical evidence of record showed limited range of motion in Plaintiff's right knee and crepitus with flexion and extension. Tr. 27. Plaintiff's treating physician, Dr. Grace Chin-Yut M.D., also noted that on one occasion Plaintiff walked with a limp favoring the right leg, and at times complained of pain and swelling in the right knee affecting weight-bearing. Tr. 413. However, Dr. Chin-Yut also stated that the pain and swelling "subsided after several weeks." Tr. 428. Plaintiff only occasionally had swelling in the knee during her medical examinations and had normal tone and muscle strength. Tr. 27, 413. Diagnostic imaging studies showed mild

6

degenerative changes in the right knee.  Tr. 27, 355.  Dr. Carl Foster, a consultative examiner, noted that Plaintiff had a normal gait, normal range of motion in the knees, and could squat and rise without any assistance.  Tr. 28.  The ALJ further noted that Plaintiff sweeps, mops, makes the bed, washes dishes, cleans the kitchen and bathroom, and scrubs the tub and toilet.  Tr. 24.  The ALJ found based on all of the evidence that the functionally limiting effects of Plaintiff's knee pain were no more severe than the RFC assessment.  Although a medically determinable impairment was found which could cause the alleged pain in Plaintiff's knee, substantial evidence in the record as a whole supports the ALJ's determination that the mild degenerative changes in the right knee did not substantiate the alleged intensity, persistence, and functionally limiting effects alleged by Plaintiff.

As for Plaintiff's hand pain, the ALJ found the medical evidence of record showed some degenerative changes in the right hand, but that the radiologist concluded that it was a negative examination for Plaintiff's age.  Tr. 26.  Plaintiff was found to have puffiness at the wrists and joints of the hand, and was prescribed a gel prescription for joint pain, but antibody tests to determine rheumatoid arthritis were negative.  *Id*.  Dr. Foster found that Plaintiff was unable to make a fist with her right hand and had a frozen left index finger.  Tr. 347.  However, Dr. Foster also found that Plaintiff was still able to complete manipulative activities such as buttoning a shirt, turn a doorknob, and write a full sentence without difficulty, activities that the ALJ specifically noted in the opinion.  Tr. 28.  Dr. Foster assessed Plaintiff's grip strength in both hands as 5/5.  *Id*.  This objective medical evidence constitutes substantial evidence to support the RFC

determination made by the ALJ with regard to Plaintiff's hand pain.  No error is found in Plaintiff's first contention.

## II. Whether the ALJ erred in failing to recontact the consultative examiner to resolve conflicting information.

In her second claim of error, Plaintiff argues that the ALJ should have recontacted Dr. Foster in order to obtain an explanation for what Plaintiff alleges to be a discrepancy in his report.  That discrepancy, according to Plaintiff, is that while Dr. Foster found that Plaintiff was unable to make a fist with her right hand and had a frozen index finger, he did not comment on the possibility of manipulative limitations.  Pl.'s Br. 4-5.  The Commissioner argues that the ALJ had no duty to recontact the consultative examiner under the regulations, but instead "may" recontact a treating physician if the evidence is insufficient to determine whether the claimant was disabled or not disabled, and that Plaintiff has failed to show that the record was insufficient.  Comm'r's Br. 8-9.

As the Commissioner points out, the points creating the alleged discrepancy cited by Plaintiff were discussed by the ALJ.  After considering all of the evidence, including the opinion of Dr. Richard Whitney, who reviewed Dr. Foster's examination and determined that Plaintiff did not have any manipulative limitations, the ALJ formulated the RFC with substantial support.  Tr. 348.  Plaintiff argues that Dr. Whitney did not have the records from Dr. Chin-Yut or the imaging studies done on her hands, but this would not affect how Dr. Whitney would view the alleged discrepancy in Dr. Foster's opinion, which Dr. Whitney did review.  Further, as the imaging studies showed only age related degenerative changes, they do not support Plaintiff's claim.  There is no evidentiary gap

8

requiring recontact since the ALJ found hand pain as a severe impairment and considered it in conjunction with all examinations and evaluations in the record. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995); *Gallina v. Comm'r of Soc. Sec.*, 202 F. App'x 387 (11th Cir. 2010). Plaintiff has shown no reason why the ALJ needed more information from Dr. Foster, and the contention that the ALJ erred in failing to recontact him is meritless.

Additionally, Plaintiff retains the burden of proof at step four of the sequential analysis process to show that she is not capable of returning to past work. As the Commissioner points out, Plaintiff has not shown that even if the ALJ erred in failing to account for manipulative limitations, she could not return to her past relevant work as a child monitor, which only requires occasional reaching, handling, and fingering. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 301.677-101, 1991 WL 672652 (4th ed. 1991). Plaintiff has not carried this burden, so even assuming *arguendo* that the ALJ erred in the treatment of Plaintiff's manipulative limitations, no error is found.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 9th day of March, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE

9